# NO. 12-07-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY LEN JACKSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Jeffery Len Jackson appeals the trial court's order denying his pro se motion for DNA testing. In one issue, Appellant contends that the trial court's order violated article 64.03 of the Texas Code of Criminal Procedure, articles I and X of the Texas Constitution, and the Fourteenth Amendment to the United States Constitution. We affirm.

### BACKGROUND

After waiving indictment, Appellant was charged by information with aggravated sexual assault of a child. This charge was based upon one of multiple occasions where Appellant had sex with his four year old daughter. On June 20, 2003, Appellant pleaded guilty to the charge, and the trial court placed Appellant on deferred adjudication probation for ten years. On September 19, 2003, the State filed a motion to revoke Appellant's probation and proceed to final adjudication, alleging that Appellant had violated the terms of his probation. After a hearing on the State's motion, the trial court revoked Appellant's probation and adjudicated his case, finding him guilty and sentencing him to imprisonment for life.

On September 13, 2007, Appellant filed his motion for DNA testing. In that motion, Appellant requested that all "biological material" secured in relation to his case be subjected to DNA

testing. Appellant claimed that the State possessed such material "DURING THE TRIAL OF THE OFFENSE" but that the material had not been tested.

On September 21, 2007, the State filed a response to Appellant's motion. The State asserted that no biological material was recovered by the State. The State explained that "[b]ecause there was never any biological material in existence, it cannot possibly 'still be in existence.'" Therefore, the State argued that Appellant's request was "not at all possible since there was never any DNA evidence." On September 28, 2007, the trial court signed a written order stating that Appellant's motion was "FRIVOLOUS AND DENIED." This appeal followed.

### THE ORDER

In his sole issue, Appellant asserts that the trial court "SUMMARILY DENIED HIS MOTION WITHOUT RULING ON THE MERITS OF APPELLANT'S MOTION FOR DNA TESTING." According to Appellant, the trial court erroneously denied Appellant's motion without reaching the merits because Appellant had pleaded guilty to the offense underlying his conviction. However, this assertion is not supported by the trial court's order. Instead, the trial court did not explain the grounds supporting its decision in its written order. The trial court simply stated that Appellant's motion was "FRIVOLOUS AND DENIED."

We previously ordered the trial court to prepare written findings of fact and conclusions of law. The findings and conclusions made by the trial court show that the trial court denied Appellant's motion on its merits. For example, the trial court stated that although "DNA testing was available at the time, there never was any DNA evidence to test." The trial court explained that

> **[t]here was no DNA evidence in this case.** It is uncommon to have DNA evidence in Aggravated Sexual Assault of a Child cases because children do not make the outcry close enough in time to the assault so that DNA evidence may be collected.
>
> . . . . In this case, there was never any DNA evidence because the child did not make the outcry immediately after [any] one of the aggravated sexual assaults. By the time the outcry was made, no DNA evidence was found.

Further, the trial court stated in these written findings and conclusions that it denied Appellant's motion for DNA testing "because no DNA evidence existed."

The record before us reflects that the trial court denied Appellant's motion after reaching its merits, specifically on the ground that no DNA evidence ever existed. Therefore, we hold that the error Appellant complains of, a decision made without reaching the merits, did not occur. Accordingly, we overrule Appellant's sole issue. *See, e.g., **Pena v. McDowell***, No. 12-05-00116-CV, 2007 WL 949614, at *4 (Tex. App.–Tyler Mar. 30, 2007, no pet.) (mem. op.) (overruling issue after finding that the error complained of did not occur); ***Odom v. Odom***, No. 12-06-00218-CV, 2007 WL 677800, at *1 (Tex. App.–Tyler Mar. 7, 2007, no pet.) (mem. op.) (same).

## DISPOSITION

We ***affirm*** the order of the trial court.

      **JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 8, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3